**E-FILED**
Monday, 21 July, 2008  01:43:27 PM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**URBANA DIVISION**

| | | |
|---|---|---|
| **LARRY D. SMITH** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | **Case No. 08-2047** |
| **v.** | ) | |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |

**OPINION**

On February 19, 2008, Petitioner filed a Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 (#1) and exhibits in Support (#2). On February 28, 2008, Petitioner filed a Motion to Appoint Counsel and to Conduct an Evidentiary Hearing (#6). On April 24, 2008, the Government filed its Response (#8). On May 23, 2008, Petitioner filed a Reply to the Government's Response (#13). Petitioner has also submitted additional lengthy exhibits in support of his Motion (#10, #11, #12). For the reasons that follow, Petitioner's Motion (#1) is DENIED. Accordingly, Petitioner's Motion to Appoint Counsel and Conduct an Evidentiary Hearing (#6) is denied as MOOT.

BACKGROUND

On December 3, 2004, Petitioner Larry D. Smith was indicted on one count of possession of a firearm by a felon, in violation of Title 18, United States Code, Section 922(g), in Case No. 04-CR-20072. After a jury trial, Petitioner was found guilty on February 22, 2005. On November 1, 2005, Petitioner was appointed new counsel to represent him, and on November 17, 2005, Petitioner was sentenced to 41 months imprisonment. On January 16, 2007,

Petitioner's conviction and sentence were affirmed by the 7th Circuit Court of Appeals.  United States v. Smith, 210 Fed. Appx. 533 (7th Cir. 2006).   On February 19, 2008, Petitioner filed his pro se Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. §2255 (#1) along with Exhibits in Support of his Motion (#2).

ANALYSIS

As an initial matter, Petitioner is correct that, although his sentence has expired, the fact that he was still subject to a period of supervised release means that he was still a 'prisoner in custody,' within the meaning of § 2255, at the time his petition was filed.  See United States v. Essig, 10 F.3d 968, 970 n.3 (3rd Cir. 1993) (holding that supervised release is a form of custody). Therefore, this court retains jurisdiction.

Petitioner sets out two grounds for relief. Petitioner first claims ineffective assistance of counsel, arguing that his trial counsel misled him regarding the length of the sentence he would face if he pled guilty, and that he was not properly advised regarding the procedure for raising objections to his Pre-Sentence report.  Petitioner also contends that newly discovered evidence casts doubt on the credibility of the law enforcement agents who testified at his trial.

To establish ineffective assistance of counsel, Petitioner must demonstrate: (1) that his counsel's representation fell below an objective standard of reasonableness; and (2) that the attorney's deficient performance prejudiced the Petitioner. McDowell v. Kingston, 497 F.3d 757, 761 (7th Cir. 2007), citing Strickland v. Washington, 466 U.S. 668, 690, 694 (1984).   In evaluating counsel's performance, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be

2

considered sound trial strategy.'" Strickland, 466 U.S. at 689, quoting Michel v. Louisiana, 350 U.S. 91, 101 (1955).

Petitioner contends that his trial counsel was ineffective because counsel over-estimated the sentence Petitioner would receive if he pled guilty.  Petitioner asserts that he was told that he was facing a sentence of 57 to 71 months, when his criminal history and offense level would in fact indicate a sentencing range of 30 to 37 months.   Petitioner claims that, had he known the actual sentence he was facing, he would have pled guilty and not proceeded to trial.  The Government is correct that the Seventh Circuit's decision in Toro provides the appropriate test to gauge whether counsel's performance was ineffective during the plea negotiation stage.  See Toro v. Fairman, 940 F.2d 1065, 1067 (7th Cir. 1991).  The Toro test states that, to establish that a rejected plea agreement prejudiced the Petitioner, it is necessary to show (1) through objective evidence that (2) there is a reasonable probability that, but for counsel's inadequate performance, [Petitioner] would have accepted a plea offer.  Paters v. United States, 159 F.3d 1043, 1046 (7th Cir. 1998).   Further, an attorney does not provide ineffective assistance because of inaccurate sentence predictions made in good faith.  See United States v. Barnes, 83 F.3d 934, 939-40 (7th Cir. 1996).  Even a "gross mischaracterization of the sentencing consequences of a plea" does not prove deficient performance unless the petitioner can show "that his attorney did not make a good-faith effort to discover the facts relevant to his sentencing, to analyze those facts in terms of the applicable legal principles and to discuss that analysis with him."  Barnes, 83 F.3d at 940.

Here, Petitioner contends that all the facts were available to calculate the proper sentence and that defense counsel was ineffective in failing to communicate the correct information to him.  This error, he contends, caused him to proceed to trial, which resulted in a sentence four to

eleven months longer than the sentence he would have received had he pled guilty earlier.

However, Petitioner has not provided any evidence that his counsel did not make a good-faith

effort to calculate the applicable sentencing guideline range and advise Petitioner.  This court

notes that Petitioner was, at the plea negotiation stage, facing several pending charges in other

jurisdictions.  As it turned out, all of the charges were still pending at the time of Petitioner's

sentencing hearing and were not considered in calculating Petitioner's criminal history category.

However, these pending charges could conceivably have increased Petitioner's criminal history

category and may have led defense counsel to calculate a potentially longer sentencing guideline

range for Petitioner.

Moreover, Petitioner has not met the requirements of the Toro test because he has not

provided any objective evidence of counsel's alleged ineffective performance during the plea

negotiation stage.   Bare assertions are not sufficient to establish that counsel's performance was

deficient.  Galbraith v. United States, 313 F.3d 1001, 1009 (no finding of ineffective assistance

of counsel where Petitioner presents no affidavit from himself or his trial counsel supporting his

version of counsel's conduct). Here Petitioner's claim rests exclusively on his account, in his

motion, of the conversation he had with defense counsel regarding his plea options.  This is an

insufficient basis to establish deficient performance on the part of his counsel.

Petitioner next contends that his trial counsel was ineffective in failing to investigate the

credibility of the law enforcement officers who offered testimony at Petitioner's trial.

Specifically, Petitioner contends that his trial counsel should have questioned the arresting

officers about occasions when they gave misleading information under oath, in an effort to

undermine their credibility. The record indicates, however, that defense counsel did vigorously

cross-examine witnesses as to their credentials and their account of Petitioner's arrest.  By
Petitioner's own admission, the motion to suppress hearing where Petitioner alleges that these
law enforcement officers admitted to making misleading statements occurred after Petitioner's
trial. There is thus no way defense counsel could have queried them about these matters under
cross-examination.  Because Petitioner can show no prejudice related to counsel's questioning of
these witnesses, Petitioner's claim of ineffective assistance of counsel fails the Strickland test.

Petitioner also contends that his trial counsel did not object to material in his pre-
sentence report in a thorough or timely manner.  This claim fails the prejudice prong the
Strickland test for several reasons.  First, Petitioner's trial counsel did submit numerous
objections that were fully heard and resolved by this court prior to sentencing. Secondly,
Petitioner was allowed to file several additional objections pro se, and voluntarily withdrew
those objections after the Government agreed not to seek an upward departure based on an
argument that Petitioner's criminal history category underrepresented his prior criminal conduct.
Finally, Petitioner was appointed new counsel prior to sentencing, meaning that any additional
objections he may have had could have been handled by his newly appointed counsel prior to
sentencing.  Petitioner's remaining complaints (that conditions in county jail are worse than
federal prison, that he was not able to complete his drug/alcohol treatment program, etc.) are
irrelevant to his claim of ineffective assistance of counsel.

Petitioner finally contends that trial counsel was ineffective because she quoted
privileged attorney-client correspondence in exchanges with the prosecuting attorney.  This court
agrees with the Government that this claim fails because Petitioner has not provided any specific
information about the nature of this correspondence or how Petitioner was prejudiced by the

alleged disclosure.

In addition to his assertions of ineffective assistance of counsel, Petitioner contends that new information casts doubt on the credibility of the law enforcement agents who testified against him at trial. Specifically, Petitioner cites an order entered in United States v. Bilyeu (Northern District of Indiana Case No. 2:05-CR-72) that resulted from a motion to suppress evidence. The motion included several challenges to the affidavit in support of the search warrant that was used to find and arrest Petitioner. At an evidentiary hearing, the district court in Indiana concluded that the affidavit did contain several inaccuracies. The affidavit suggested that Petitioner's alleged co-conspirator had referred to Petitioner by name, when he had in fact only referred to "my partner." The affidavit also listed several phone numbers incorrectly and included an erroneous caption on one surveillance photo. Petitioner leans heavily on these errors to conclude that the law enforcement agents involved in drafting the affidavit acted in bad faith and that their testimony against Petitioner at his trial was thus not credible. The Government is correct to note, however, that the Indiana district court ultimately denied the motion to suppress. After striking the erroneous portions of the affidavit, the court determined that the agents were negligent, but did not act in bad faith, concluding that they did not, "deliberately or recklessly include inaccurate information." Therefore, the record belies Petitioner's claim that the law enforcement agents acted in bad faith, and Petitioner has provided no additional evidence that the agents' actions in drafting the affidavit merit a reconsideration of their testimony in his trial.

Moreover, Petitioner's claim fails because it was the task of the jury to evaluate the credibility of the law enforcement agents and assign their testimony the weight the jury felt it deserved. At Petitioner's trial, the jury returned a guilty verdict based largely on the testimony of the law enforcement agents involved in his arrest. Credibility determinations are within the

province of the jury, and are reversed only on exceptional circumstances.  <u>United States v.</u>

<u>Williams</u>, 216 F.3d 611, 614 (7th Cir. 2000). Petitioner has not presented evidence of any

exceptional circumstances that would merit reversing the jury's determination that the law

enforcement agents were credible witnesses.

CONCLUSION

For all the reasons stated, this court concludes that Petitioner is not entitled to relief.

IT IS THEREFORE ORDERED:

(1) Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. §

2255 is DENIED.

(2) Petitioner's Motion to Appoint Counsel and Conduct an Evidentiary Hearing (#6) is

denied as MOOT.

(3) This case is terminated.

ENTERED this   21st   day of July, 2008

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE